**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10111 |
| Plaintiff - Appellee, | D.C. No. 3:00-cr-00505-WHA-3 |
| v. | |
| CHARLES W. MCCALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted April 13, 2011
San Francisco, California

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and BLOCK,
Senior District Judge.[**]

1.      Given that McCall's attorney elicited testimony from Dooley that he didn't

"know one way or the other" whether McCall's statements reflected what he knew

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

at the time or what he knew in hindsight, McCall wasn't prejudiced by the admission of Dooley's statements. *See United States v. Shapiro*, 879 F.2d 468, 472 (9th Cir. 1989).

2.   Excluding Bergonzi's testimony about Hawkins's statements as hearsay, even if error, was harmless because Bergonzi's prior testimony was substantive evidence that he told McCall that Hawkins was working with the auditors. *See Pope v. Saving Bank of Puget Sound*, 850 F.2d 1345, 1356 (9th Cir. 1988).

3.   It is "clear beyond a reasonable doubt that a rational jury would have found [McCall] guilty" even without the reckless disregard instruction. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197 (9th Cir. 2000) (en banc) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)). The jury found that McCall knowingly and willfully circumvented internal controls, which required actual knowledge, and was not affected by the reckless disregard instruction. To convict on this count, the jury must have found that McCall knew that the side-letter agreements were being used to improperly recognize revenue. Because these same side-letter agreements also formed the basis of the alleged scheme to defraud, the jury likely convicted McCall of the securities fraud counts based on actual knowledge, rendering any error in the reckless disregard instruction harmless.

**AFFIRMED.**